DOCTOR'S ASSOCIATES, INC.,
Plaintiff–Appellee,

v.

Trey BENNET, Loralie Bennet, Chris Lui, Sandra Lui, George Venetos, Kalliopi Venetos and Jim Venetos, Non-party–Appellants.

No. 00–9102.

United States Court of Appeals,
Second Circuit.

June 18, 2001.

David M. Duree, David M. Duree & Associates, O'Fallon, IL; Nicholas Wocl, Tooher & Wocl, Stamford, Connecticut, on the brief, for appellants.

Mark Kravitz; Edward W. Dunham, Wiggin & Dana, New Haven, CT, on the brief, for appellee.

Present CARDAMONE, PARKER and CUDAHY,* Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Trey Bennet, Loralie Bennet, Chris Lui, Sandra Lui, George Venetos, Kalliopi Venetos and Jim Venetos (collectively, the "non-party appellants" or "Florida franchisees") appeal from the order of the United States District Court for the District of Connecticut (Dorsey, *J.*), entered on April 21, 2000, denying their motion for modification of the district court's previous injunction, which prohibited them from proceeding with a state court action in Madison County, Illinois.

Doctor's Associates, Inc. ("DAI") is a Florida corporation with its principal place

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge of the United States Court of Appeal for the Seventh Circuit, sitting by designation.

of business in Connecticut, and is the national franchiser of Subway sandwich shops. The appellants are Subway franchisees and citizens of Florida. In 1996, the Florida franchisees and other Subway franchisees commenced a class action litigation in Illinois state court, entitled *Hollingsworth v. Hart*, Cause No. 96–L–00525, alleging various claims relating to the Subway franchise agreement. Because the franchise agreement contained an arbitration provision, DAI filed a motion to compel arbitration and enjoin the state court action in the District of Connecticut under the Federal Arbitration Act, 9 U.S.C. § 4 (1994). DAI did not petition to compel arbitration with the Florida franchisees, because there is no diversity jurisdiction between them. The district court granted this motion to compel against the party-franchisees, and entered an injunction

> enjoining the Defendant-franchisees, their agents, attorneys, servants and employees, and all other persons in active concert or participation with them, including the Florida franchisees and any unnamed class action plaintiffs, from prosecuting the state court action pending in the Illinois Circuit Court, Madison County, entitled *David Hollingsworth, et al. v. Joseph Hart, et al.*, Cause No. 96–L–000525, until further order of this Court.

*Doctor's Assocs., Inc. v. Hollingsworth*, 949 F.Supp. 77, 86 (D.Conn.1996). This Court summarily affirmed.

In 1998, counsel for the defendant-franchisees and non-parties, David M. Duree, filed two putative class actions on behalf of former and current Subway franchisees against DAI in Illinois State court: *Hargett v. Doctor's Assocs., Inc.*, Cause No. 98–L–410, and *Wolf v. Doctor's Assocs., Inc.*, Cause No. 98–L–652. In response, DAI again commenced motions to compel arbitration, under 9 U.S.C. § 4, in the District of Connecticut, against some of these franchisees, and also moved to enjoin Duree and the franchisees from prosecuting any claims related to franchise agreement disputes. The district court granted DAI's motions, and enjoined party franchisees and non-party franchisees from prosecuting any lawsuits against DAI without advance approval of the court. This Court vacated the 1998 injunction in part, holding that the district court exceeded its authority under Fed.R.Civ.P. 65(d)[1] and under the Anti–Injunction Act, 28 U.S.C. § 2283,[2] by enjoining non-party franchisees "from prosecuting lawsuits that do not aid or abet the federal defendants in violating the injunctions entered against them." *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 303 (2d Cir. 1999).

DAI then moved to compel arbitration against most of the non-party franchisees of *Reinert & Duree*, and also moved for an injunction against prosecution of the *Wolf* and *Hargett* actions. The district court again granted DAI's petitions and enjoined both defendant-franchisees and non-party franchisees from prosecuting *Wolf* and *Hargett*. The non-party franchisees appealed to this Court, and we summarily vacated the injunction in part, concluding that, based in part on Duree's representation that the complaints in *Wolf* and *Hargett* had been amended "to exclude any

---

1. Fed.R.Civ.P. 65(d) requires that an injunction be "binding only on the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

2. The Anti–Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (1994).

current or future defendant-franchisees-whether as named plaintiffs or as members of the proposed classes," the injunction exceeded the district court's allowable discretion under both Fed.R.Civ.P. 65 and the Anti–Injunction Act, 28 U.S.C. § 2283. *Doctor's Assocs., Inc. v. Qasim,* No. 99–9434, 225 F.3d 645 (tbl.), 2000 WL 1210868 (2d Cir.2000).

In the meantime, following our opinion in *Reinert & Duree* and while *Qasim* was pending, the non-party appellants in this case filed a series of six motions in the district court, to modify its 1996 *Hollingsworth* injunction. The Florida franchisees sought permission to amend the Illinois state court *Hollingsworth v. Hart* action to add DAI as a defendant, to proceed with their individual and personal claims against DAI, and to proceed on behalf of other franchisees who are not subject to the district court's injunction. Although initially there was some confusion about the effect of this Court's vacatur of the injunctions in *Reinert & Duree* and *Qasim* on the 1996 *Hollingsworth* injunction, the district court eventually denied the Florida franchisees' modification motion, and stated that:

> The action pending in Madison County is a consolidated class action with the Florida franchisees serving as putative class representatives. The Florida franchisees seek to amend their claims in said action "solely for the purpose of pursuing their individual and personal claims" and argue that the Court is precluded from enjoining such amendment. It is the finding of this Court, however, that Attorney Duree is attempting to use the Florida franchisees as vehicles for prosecuting the class action. There is no other logical explanation for why he filed six motions seeking permission for them to proceed in the pending lawsuit rather than simply bringing a new, separate lawsuit. Coupled with Duree's track record for attempting to use no-nenjoined parties to advance arguments on behalf of enjoined parties, ... it is necessary to prohibit the Florida franchisees from asserting individual claims in the class action in order to carry out effectively the letter and spirit of the injunctions.

The Florida franchisees appeal this decision, and argue the district court exceeded its authority under Fed.R.Civ.P. 65(d) and the Anti–Injunction Act, 28 U.S.C. § 2283, and under this Court's decisions in *Reinert & Duree* and *Qasim.*

We review the district court's decision to continue to enjoin the non-parties' participation in the Madison County litigation for an abuse of discretion. *See Waldman Publishing Corp. v. Landoll, Inc.,* 43 F.3d 775, 780 (2d Cir.1994).

We conclude that the district court's refusal to modify the 1996 *Hollingsworth* injunction was not an abuse of discretion, in light of this Court's prior approval of that injunction and the district court's factual finding that Duree was attempting to circumvent the terms of that injunction by proceeding with the Illinois state court *Hollingsworth* action. The proposed amendment submitted to the district court in support of the modification motion merely proposed to add DAI as a defendant in the *Hollingsworth* action (albeit "only with respect to [movants'] personal and individual claims"), but did not seek to exclude any of the enjoined franchisees from the caption or the body of the complaint. The district court's refusal to modify the injunction to permit this amendment in the Illinois action was within its discretion.

For the reasons set forth above, the judgment of the district court is AFFIRMED.